BRONSON LAW OFFICES, P.C.
H. Bruce Bronson
480 Mamaroneck Ave.
Harrison, NY 10528
877-385-7793 PH
hbbronson@bronsonlaw.net

*Proposed Counsel to Man-Matos Realty Corp.*
*Debtor-in-Possession*
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:

    Man-Matos Realty Corp.,

                  Debtor.
-------------------------------------------------------x

Chapter 11

Case No.:15-12989

## **DEBTOR'S DECLARATION PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2**

STATE OF NEW YORK       )
                                    ) ss.:
COUNTY OF WESTCHESTER    )

    I, Anissa Matos, declare, under penalty of perjury, as follows:

    1. I am the President of Man-Matos Realty Corp. (the "Debtor"), which owns a mixed use building at 3571 E. Tremont Ave., Bronx, NY 10465 (the "Property").

    2. I submit this application in accordance with Local Bankruptcy Rule 1007-2, on behalf of the Debtor in connection with its Petition and Documents being filed in connection with the Petition. Copies of the corporate resolution of the Debtor were filed concurrently with the Petition commencing this Chapter 11 case.

    3. The Debtor has not previously filed a Chapter 11 Petition.

    4. I have reviewed the Debtor's Petition, schedules and all documents filed in connection with the Petition and I am familiar with the facts alleged and any relief requested therein.

5. All facts set forth in this Declaration are based upon my:(i) personal knowledge; and (ii) review of relevant documents; and (iii) opinion based upon my experience and knowledge with respect to the Debtor's operations and financial condition. All financial information submitted with this Declaration is on an estimated and unaudited basis, unless otherwise indicated.

1. BACKGROUND OF THE DEBTOR AND ITS BUSINESS

**a. Debtor's business and circumstances leading to the Debtor's filing. LR 1007-2(a)(1)**

6. The Debtor was formed as a New York corporation on November 8, 1994 for the purpose of purchasing and owning the Property which was acquired on November 8, 1994. The Debtor was owned by Mr. Matos at the time; however, he is now deceased and his daughter Anissa Matos is the owner of the Debtor. Debtor is a single asset real estate corporation. Debtor began to experience problems when much needed repairs were undertaken and property taxes could not be paid. Tenants were also a problem to Debtor in that some were not paying rent and some vacated without notice. Currently the building is fully rented with three residential units and a delicatessen on the ground floor. There is no loan on the Property.

7. The Debtor believes it is subject to imminent foreclosure due to sale of tax liens which are scheduled for Monday, November 9, 2015.

**OBJECTIVES OF THE CHAPTER 11 CASE.**

8. The Debtor has filed this bankruptcy proceeding to prevent foreclosure on the Property by the tax authorities. Debtor seeks a short amount of time to sell the Property on its own terms. It previously had a buyer who was willing to pay approximately $600,000, but when the buyer found out about the auction sale, the buyer reneged and said he would buy at the auction and

perhaps get a better price. Debtor believes it can maximize the sale price and repay all creditors in full.

**b. LR 1007-2(a)(2)**

9. This case was not originally commenced under Chapter 7 or 13 of the Bankruptcy Code.

**c. Committees Organized Prior to Filing. LR 1007-2(a)(3)**

10. No formal or informal committees of creditors or other interest holders were organized prior to the order for relief in this Chapter 11 case.

**d. Holders of 20 Largest Unsecured Claims. LR 1007-(2)(a)(4)**

11. The names and addresses of the twenty (20) largest unsecured creditors excluding (i) those creditors who or which would not be entitled to vote at a creditors' meeting under 11 USC Section 702; (ii) such creditors who were employees of the Debtor at the time of the filing of its petition for reorganization; and (iii) creditors who are insiders as that term is defined in 11 USC Section 101(31) are annexed hereto as **Exhibit "A"**.

**e. Holders of the five largest Secured Claims. LR 1007-(2)(a)(5).**

12. A list of the names and addresses of the five largest secured creditors is annexed hereto as **Exhibit "B".**

**h. Schedule of Assets and Liabilities. LR 1007-(2)(a)(6).**

13. As required by Local Bankruptcy Rule 1007-2(a)(6), unaudited schedules of the Debtor's assets and liabilities are annexed hereto as **Exhibit "C"**

**i. Publicly-Held Securities. LR 1007-(2)(a)(7).**

14. No shares of stock, debentures, or other securities of the Debtor are publicly held.

**j. Property in Possession or Custody of Custodian. LR 1007-(2)(a)(8).**

15. None of Debtor's property is in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, or secured creditor, or agent for any such entity.

**k. Debtor's Premises. LR 1007-(2)(a)(9).**

16. The Debtor's property is located at 3571 E. Tremont Avenue, Bronx, NY 10465.

**l. Location of Debtors' Assets and Books and Records. LR 1007-(2) (a)(10).**

17. The Debtor's substantial assets are located at: 3571 E. Tremont Avenue, Bronx, NY 10465.

**m. Threatened or Pending Actions against Debtor. LR 1007-(2)(a)(11).**

18. Other than the threat of foreclosure or lien sale there are no threatened or pending actions against Debtor.

**n. Debtor's Senior Management. LR 1007-(2)(a)(12).**

19. The Debtor's senior management is comprised of Anissa Matos.

**o. Additional Information if Business is to Continue.  LR 1007-(2)(b)(1) and (2).**

20. The Debtor will be liquidating; however, until it liquidates it will pay its president $1,000 a month for managing the building and $500 a month in other maintenance expenses.

**q. Estimated Schedule of cash receipts and disbursements for 30 days. LR 1007-(2) (b) (3).**

21. The estimated schedule of cash receipts and disbursements for the thirty (30) day period following the filing of the Chapter 11 petition is annexed hereto as **Exhibit "D"**

**r. Conclusion**

22. The Debtor submits that it has the requisite components to formulate a confirmable and feasible plan whereby the Property will be liquidated and the creditors paid in full or alternatively financing will be put in place to repay the tax liens.

23. The Debtor believes it is in the best interests of all of its creditors that it be afforded an opportunity to liquidate under Chapter 11 on its own terms.

24. The breathing space afforded by the automatic stay will allow the Debtor the time necessary to avoid unnecessary loss in value caused by the sale of the building at an auction price that would be expected to produce much less profit then if Debtor performs the sale.

Pursuant to 28 USC section 1746, I declare under the penalty of perjury that the foregoing is true and correct.

**Dated: November 6, 2015**                                **MAN-MATOS REALTY CORP.**

/S/ Anissa Matos
Anissa Matos,
President

# EXHIBIT A

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

**None.**

## EXHIBIT B

## FIVE LARGEST SECURED CREDITORS

**MTAG Services, LLC, servicer for NYC Tax Lien Trust 20L15-A**
**PO Box 223762**
**Pittsburgh, PA 15251**

**EXHIBIT C**

**Assets:**

| | |
|---|---|
| Building Value | $500,000 |
| Cash on Hand | $     500 |
| Accounts Receivable | $  2,652 |
| **Total Assets:** | **$ 503,152** |

**Liabilities:**

| | |
|---|---|
| MTAG Services LLC (tax lien) | $ 275,000 |
| Security Deposits | $    7,550 |
| **Total Liabilities:** | **$ 282,550** |
| **Net:** | **$220,602** |

# EXHIBIT D

## SCHEDULE OF ANTICIPATED CASH RECEIPTS AND DISBURSEMENTS FOR THE THIRTY DAY PERIOD FOLLOWING FILING OF THE CHAPTER 11 PETITION

Income:
    Rents:                              $ 6,250[1]

**Expenses:**

| | |
|---|---|
| Insurance | $ 0[2] |
| Utilities | $ 300 |
| Taxes | $ 800[3] |
| Water | $ 800[4] |
| Other Utilities | $ 300 |
| Maintenance | $ 500 |
| Officers Distribution | $ 1,000 |
| **Total Expenses:** | $ 3,700 |
| **Anticipated Profit:** | $ 2,550 |

---

[1] There are three residential tenants paying $1,300, $1,125 and $1,250 and one commercial tenant (Deli) paying $2,575 a month.
[2] Insurance was prepaid through 3/27/2016
[3] This a reserve for taxes which are payable every quarter.
[4] Water is paid quarterly and the amount set forth is a reserve based upon a prorate amount.

**EXHIBIT E**
**Proposed Case Conference Order**
**(See Attached)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:

        MAN-MATOS REALTY, CORP.

                           Debtor.
-------------------------------------------------------x

Chapter 11

Case No.:15-12989

ORDER SCHEDULING INITIAL CASE
CONFERENCE

       Man-Matos Realty Corp. (the "Debtor ") having filed a petition for reorganization under chapter 11 of the Bankruptcy Code on November 6, 2015, and the Court having determined that a case management conference will aid in the efficient conduct of the case, it is

       ORDERED, pursuant to 11 U.S.C. § 105(d), that an initial case management conference will be conducted by the undersigned Bankruptcy Judge in Room ___, United States Bankruptcy Court, One Bowling Green, Manhattan, New York 10004 on _____, 2015, at ****** a.m., or as soon thereafter as counsel may be heard, to consider the efficient administration of the case, which may include, *inter alia*, such topics as retention of professionals, creation of a committee to review budget and fee requests, use of alternative dispute resolution, timetables, and scheduling of additional case management conferences; and it is further

       ORDERED, that the Debtor shall give notice by mail of this order at least seven days prior to the scheduled conference to each committee appointed to serve in the case pursuant to 11 U.S.C. § 1102 (or, if no committee has been appointed, to the holders of the 10 largest unsecured claims), the holders of the five (5) largest secured claims, any post-petition

lender to the Debtor, and the United States Trustee, and shall promptly file proof of service of such notice with the Clerk of the Court.

Dated: Manhattan, NY

_____, 2015

_____
UNITED STATES BANKRUPTCY JUDGE