**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X
In re:

    MAN-MATOS REALTY CORP.

        Debtor

-----------------------------------------------------------------X

Case No. :15-12989

Chapter 11

**THIS IS NOT A SOLICITIATION OF ACCEPTANCE OR REJCETION OF THE PLAN. ACCEPTANCES OR REJECTIONS MAY NOT BE SOLICITED UNTIL A DISCLOSURE STATEMENT HAS BEEN APPROVED BY THE BANKRUPTCY COURT. THIS DISCLOSURE STATEMENT IS BEING SUBMITTED FOR APPROVAL BUT HAS NOT BEEN APPROVED BY THE COURT.**

**PROPOSED DISCLOSURE STATEMENT**

Man-Matos Realty Corp. (the "Debtor") hereby submits this Disclosure Statement (the "Disclosure Statement"), pursuant to §1125 of Title 11 of the United States Code (the "Bankruptcy Code"), in connection with approval and confirmation of the Debtor's accompanying Liquidating Plan of Reorganization of even date (the "Plan"). Unless otherwise defined, all capitalized terms contained in the Plan shall have the same meaning for purposes of this Disclosure Statement.

**PLAN SUMMARY**

The Plan is designed as a mechanism for distributing the proceeds from the anticipated sale of the Debtor's real property to the holders of Allowed Claims. The Debtor's real property is an income-generating building located at 3571 E. Tremont, Bronx, NY consisting of three residential units and one commercial unit (the "Property"). Pursuant to the Plan, the Property shall be sold free and clear of all claims, liens, taxes and encumbrances pursuant to 11 USC §§363(b) and (f) as permitted by 11 USC §§1123(a)(5)(D) and 1123(b)(4).

The Debtor currently has a signed contract (subject to bankruptcy approval) to sell the

Property to an independent third party for $671,000. The Debtor's motion for approval of the contract has been submitted to the Bankruptcy Court for approval, subject to approval of this Disclosure Statement and Plan. It is intended that all sales transactions shall close after confirmation of the Plan to qualify for the transfer tax-exemptions under 11 U.S.C. § 1146(a).

The Plan provides for the liquidation of all or substantially all of the property of the estate; therefore, the confirmation of this plan does not discharge the debtor pursuant to 11 U.S.C. § 1141(d)(3)(A).

## THE CONFIRMATION PROCESS

### The Confirmation Hearing

Pursuant to section 1128 of the Bankruptcy Code, the Bankruptcy Court has scheduled a hearing to consider confirmation of the Plan on _____ ____,2016 at _____ a.m., prevailing New York time, before the Honorable Michael E. Wiles at the United States Bankruptcy Courthouse, Courtroom 617 One Bowling Green, New York, New York. The Bankruptcy Court has directed that objections, if any, to confirmation of the Plan be filed and served on or before _____ 2016 in the manner described below under "Requirements for Confirmation."

At the Confirmation Hearing, the Bankruptcy Court will determine whether the requirements of the Bankruptcy Code have been satisfied. The Debtor believes that the Plan satisfies all applicable requirements of Section 1129(a).

### The Purpose of this Disclosure Statement

This Disclosure Statement and the accompanying ballot (if required) is being furnished to the Debtor's known creditors pursuant to section 1125(b) of the Bankruptcy Code in connection with a solicitation of acceptances of the Chapter 11 Plan. The Plan is incorporated herein by reference. It is anticipated that because all creditors will be paid in full, no ballot will be necessary

and none provided to classes that are not impaired, as set forth below.

## DISCLAIMER

**NO PERSON MAY BE GIVEN ANY INFORMATION OR MAKE ANY REPRESENTATIONS CONTAINED IN THIS DISCLOSURE STATEMENT, REGARDING THE PLAN OR THE SOLICITIATON OF ACCEPTANCES OF THE PLAN. THE STATEMENTS CONTAINED IN THIS DISCLOSURE STATEMENT ARE MADE ONLY AS OF THE DATE HEREOF, AND THERE CAN BE NO ASSURANCE THAT THE STATEMENTS CONTAINED HEREIN WILL BE CORRECT AT ANY TIME AFTER THAT DATE. ALL CREDITORS SHOULD READ CAREFULLY AND CONSIDER FULLY THE DISCLOSURE STATEMENT BEFORE VOTING FOR OR AGAINST THE PLAN.**

**AS TO CONTESTED MATTERS, ADVERSARY PROCEEDINGS, AND OTHER ACTIONS OR THREATENED ACTIONS, THIS DISCLORSURE STATEMENT SHALL NOT CONSTITUTE OR BE CONSTRUED AS AN ADMISSION OF ANY FACT, LIABILITY, STIPULATION, OR WAIVER, BUT RATHER AS THE EQUVIALENT OF A STATEMNT MADE IN FURTHERANCE OF SETTLEMENT NEGOTIATIONS.**

**THIS DISCLOSURE STATEMENT SUMMARIZES CERTAIN PROVISIONS OF THE PLAN, STATUTORY PROVISIONS, DOCUMENTS RELATED TO THE PLAN, EVENTS IN THE DEBTOR'S CHAPTER 11 CASE, AND FINANCIAL INFORMATION.**

**ALTHOUTH THE DEBTOR BELIEVES THAT THE PLAN AND RELATED DOCUMENT SUMMARIES ARE FAIR AND ACCURATE, SUCH SUMMARIES ARE QUALIFIED TO THE EXTENT THAT THEY DO NOT SET FORTH THE ENTIRE TEXT OF SUCH DOCUMENTS OR STATUTORY PROVISIONS. EXCEPT WHERE OTHERWISE SPECIFICALLY NOTED, FACTUAL INFORMATION CONTAINED IN THIS DISCLOSURE STATEMENT HAS BEEN PROVIDED FROM THE DEBTOR'S BOOKS AND RECORDS AND PUBLIC PLEADINGS. ALTHOUGH DILIGENT EFFORTS HAVE BEEN MADE TO PRESENT ACCURATE AND COMPLETE INFORMATION, THE DEBTOR IS UNABLE TO WARRANT OR REPRESENT THAT THE INFORMATION IS WITHOUT SOME INACCURACY OR OMISSION.**

**THE INFORMATION CONTAINED IN THIS DISCLOSURE STATEMENT IS INCLUDED FOR PURPOSES OF SOLICITING ACCEPTANCES OF THE PLAN AND MAY NOT BE RELIED UPON FOR ANY PURPOSE OTHER THAN TO DETERMINE HOW TO VOTE ON THE PLAN.**

**THIS DISCLOSURE STATEMENT SHALL NOT BE ADMISSIBLE IN ANY NON-BANKRUPTCY PROCEEDING INVOLVING THE DEBTOR OR ANY OTHER PARTY, NOR SHALL IT BE CONSTRUED TO BE ADVICE ON THE TAX, SECURITIES, OR**

**OTHER LEGAL EFFECTS OF THE PLAN AS TO HOLDERS OF CLAIMS AGAINST THE DEBTOR. ANY VALUE GIVEN AS TO ASSETS OF THE DEBTOR IS BASED UPON AN ESTIMATION OF SUCH VALUE. YOU ARE URGED TO CONSULT YUOUR OWN COUNSEL AND FINANCIAL AND TAX ADVISORS IF YHOU HAVE NAY QUESTIONS OR CONCERNS REGARDING TAX, SECURITIES OR OTHER LEGAL EFFECTS OF THE PLAN ON HOLDERS OF CLAIMS.**

**THE DISCLOSURE STATEMENT ORDER, A COPY OF WHICH ACCOMPANIES THIS DISCLSOURE STATEMENT, SPECIFIES THE DEADLINES, PROCEDURES, AND INSTRUCTIONS FOR VOTING TO ACCEPT OR REJECT THE PLAN AND FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN. A FORM BALLOT FOR VOTING ON THE ACCEPTANCE OR REJECTION OF THE PLAN IS ALSO PROVIDED HEREIWTH TO EACH HOLDER ENTITLED TO VOTE. EACH HOLDER OF A CLAIM ENTITLED TO VOTE ON THE PLAN SHOULD READ THE DISCLOSURE STATEMENT, THE PLAN AND THE DISCLOSURE STATEMENT ORDER IN THEIR ENTIRETY BEFORE VOTING ON THE PLAN.**

**IT IS EXPECTED, HOWEVER, THAT THERE WILL BE NO UNIMPARED CLASSES OF DEBT AND THAT THERFORE VOTING WILL BE UNNECESSARY.**

### Voting Instructions

**Generally.** The Debtor has sent a ballot with voting instructions to all creditors entitled to vote, along with the Plan, and a copy of this Disclosure Statement which has also been sent to all known creditors. Creditors entitled to vote should read the ballot carefully before completing and returning the ballot to the undersigned counsel.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on all creditors if accepted by creditors that are the holders of two-thirds in amount and more than one-half in number of claims in each impaired Class who actually vote on the Plan, if any. In the event the requisite acceptances are not obtained, and as explained in more detail below, the Bankruptcy Court may nevertheless confirm the Plan if (i) the Bankruptcy Court finds that the Plan accords fair and equitable treatment, and does not discriminate unfairly, with respect to the Class rejecting it and (ii) at least one impaired Class has accepted the Plan determined without considering the acceptances of any insider.

**As the preceding paragraph makes evident, a successful reorganization depends upon**

**the receipt of a sufficient number of votes in support of the Plan. YOUR VOTE IS THREFORE EXTREMENTLY IMPORTANT. Creditors should exercise their right to vote to accept or reject the Plan, if they are entitled to vote.**

**Deadline for Returning Ballots.** The Bankruptcy Court has directed that, to be counted for voting purposes, ballots for the acceptance or rejection of the Plan must be received by counsel for the Debtor no later than _____ \_\_, 2016 at 5:00 p.m. at the following address:

> Bronson Law Offices, P.C.
> 480 Mamaroneck Ave.
> Harrison, NY 10528
> Attn: H. Bruce Bronson

**Voting Questions.** If you have any questions regarding the provisions or requirements for voting to accept the Plan or require assistance in completing your ballot, you may contact Debtor's counsel, H. Bruce Bronson, Esq. at 914-269-2530.

**No Impaired Classes.** It is anticipated that creditors will not be entitled to vote in this case because all creditors are to be paid in full under the Plan and are therefore not impaired.

## EVENTS LEADING TO THE BANKRUPTCY FILING

Prior to the bankruptcy, the Debtor owned a parcel of real property located at 3571 E. Tremont, Bronx, NY consisting of approximately three residential units and one commercial unit (the "Property").

The Property is not encumbered by a mortgage; however, it does have (1) secured debt owed to the New York City Water Board in the amount of $9,526.34, plus interest at the rate of 9% per annum from the petition date, (2) secured debt attributable to past due property taxes now payable to NYCTL, in the aggregate amount of $273,130.19, plus interest at the rate of 9% per annum from the petition date, and (3) for the period October 1, 2015 through December 31, 2015, $4,829.78 owed to the NYC Dept. of Finance plus interest at the rate of 9% per annum from the

petition date.

NYCTL was about to sell the Property to satisfy the obligations owed to it when Debtor filed for bankruptcy. It is believed that the purchase price that will be obtained is higher than the price would have been had NYCTL sold the Property and accordingly the value is being maximized due to the filing of the bankruptcy. In fact, in NYCTL's proofs of claim the Property is valued at between $258,000 to $561,000 when in fact the debtor has entered into a signed purchase contract for a cash sale at $671,000, subject to court approval.

Debtor fell behind on its property tax payments due to the necessity to utilize rents for the purpose of repairing and renovating the building including the building's infrastructure thus keeping the building habitable.

## SIGNIFICANT EVENTS DURING CHAPTER 11 CASE

Shortly after commencement of the case, NYCTL moved to dismiss the case. Counsel for NYCTL has carried its motion to dismiss until March 3, 2016, and it is believed, based upon discussions with counsel for NYCTL, that NYCTL will continue to carry its motion until a sale by Debtor can be consummated.

The bar date has been set for February 12, at 5:00 p.m., bankruptcy counsel has been retained as well as real estate brokers. Debtor has submitted the application for the retention of real estate counsel to the court who has prepared the contract of sale and who will conduct the closing of the sale once such sale is approved and a Plan confirmed.

Rents are being collected by the Debtor and expenses paid in the normal course of business with operating reports being filed monthly. It is not expected that there will be any claim objections based upon the limited claims filed to date.

### Sale of the Property

The Debtor has devoted significant time and attention to the pursuit of a sale of the

Property. Immediately prior to filing for bankruptcy a party made an offer acceptable to Debtor, only to withdraw that offer when that party discovered there was a foreclosure action and sale that was about to take place, based on the rationale that it could purchase the Property for a lower price in such foreclosure sale.

Debtor has found an all cash replacement purchaser for the purchase price of $671,000, and a contract has been signed and a deposit of $67,100 taken, subject to bankruptcy court approval. The Deposit is being held in escrow by proposed real estate counsel to the Debtor. A motion to approve the sale has also been filed.

## PLAN SUMMARY

### Non-Classified Administrative Claims

Administrative Expense Claims are not classified under the Plan and consist of the professional fees and expenses for the Debtor's counsel, Bronson Law Offices, P.C., Real Estate Counsel and the real estate brokers fees. Counsel fees (bankruptcy and real estate counsel) are not

**Bankruptcy Fees**. Any unpaid US Trustee Fees and any applicable interest thereon shall be paid on the Effective Date from the Confirmation Fund through entry of a final decree closing the bankruptcy case or conversion or dismissal of the case.

### CLASSIFICATION OF CLAIMS AND INTERESTS

**Class 1-Secured Claims of Governmental Units.** Class 1 consists of any allowed Secured Claims of the City of New York, including the Water Board, Real Estate Taxes, and the NYCTL property tax lien claims which have a priority over the Class 2 Secured Claims. The Currently there are current unpaid real estate taxes of approximately $4,929.78, and pre-petition Water Board charges of approximately $9,526.34, both bearing interest post-petition at the rate of 9% per annum. There are also property tax lien claims of NYCTL totaling $273,130.19, bearing interest post-petition at the rate of 9% per annum. The Allowed Secured Claims of Governmental

Units shall be paid, in full, from the Confirmation Fund, at the Closing on the Property. NYCTL's claims will be paid at closing in the amounts set forth in the claim register as Claim ##3-1, 4-1, 5-1, 6-1, 7-1 and 8-1.

**Treatment-**The Secured Claims of Governmental Units, as ultimately allowed, shall be paid from the net proceeds of the sale of the Property. Class 1 Claims are not impaired by the Plan and are not entitled to vote.

2. **Class 2-Secured Mortgage Claims.** Class 2 consists of the Allowed Secured Mortgage Claims of which there are none.

**Treatment**-None.

3. **Class 3-Priority Claims of Taxing Authorities.** Class 3 consists of any allowed Priority Claims of Taxing Authorities for any unpaid taxes.

**Treatment**-Any Allowed Priority Claims of Taxing Authorities shall be paid from the Confirmation Fund on the Effective Date or upon entry of an Order of the Bankruptcy Court allowing the claim. Class 3 Claims are not impaired by the Plan.

4. **Class 4-Unsecured Claims. Class 4 consists of the Allowed Unsecured Claims.** The Bar Date for filing claims was February 12, 2016 at 5:00 p.m., and no unsecured claims have been filed and the Debtor does not believe there are any unsecured claims. Class 4 claims are unimpaired.

**Treatment**-Allowed Class 4 Claims shall each be paid a dividend based on a pro rata share of the remaining balance in the Confirmation Fund, up to 100% of their allowed claims, as soon as practical after the Effective Date following resolution of all pending claims objections. Class 4 Claims are not impaired and not entitled to vote on the Plan.

5. **Class 5-Equity Interests.** Class 5 consists of the Allowed Equity Interest of Anissa Matos, the sole owner of Debtor.

**Treatment**-The Class 5 Equity Interest Holder shall be entitled to the residual surplus on hand in the Confirmation Fund after payment of all allowed claims and administrative expenses. The Disbursing Agent shall hold reasonable reserves for any disputed claims, or claims that have not been finally determined, prior to distributing funds to the Class 5 Equity Interest Holder. The Class 5 Interest is unimpaired and not entitled to vote by reason of the insider relationship that exists.

### IMPLEMENTATION OF THE PLAN

**Implementation.** The Plan shall be implemented by the closing of the sale of the Property and the establishment of the Confirmation Fund from the net proceeds by the Debtor's counsel, Bronson Law Offices, P.C., which shall also serve as Disbursing Agent.

**Transfer of Assets.** At the post-confirmation closing on the sale of the Property, title to the Property shall be transferred to the purchaser in furtherance of this Plan by means of the following:

(a) a Deed to the Property in form and substance contemplated by the contract of sale of the Property to be recorded in the appropriate register's office (the "Deed"), together with any and all closing documents, including all New York City and New York State real property transfer tax returns and any and all affidavits, certificates and other documents which are usual and customary to facilitate a sale of real property in Bronx, New York and recording of the Deed;

(b) an Assignment of Leases, in form and substance contemplated by the contract of sale of the Property, transferring all leases with tenants at the respective Property to purchaser.

(c) an Assignment of Rents, in form and substance contemplated by the contract of sale of the Property, transferring all rents and security deposits arising from the leases at the Property.

**Transfer Taxes.** Pursuant to section 1146(a) of the Bankruptcy Code, any Deed executed

in connection with a sale of the Property is an instrument of transfer in connection with or in furtherance of the Plan and shall not be subject to any deed or real estate transfer taxes arising under city and/or state law.

**Vesting of Assets.**

(a) At the Closing, the Property shall vest in the purchaser, free and clear of all claims, liens, taxes and encumbrances with the same attaching to the proceeds of the Sale to be distributed hereunder.

(b) **Preservation of all other rights and claims.** All other rights and causes of action, if any, shall be retained by the Debtor's estate to be pursued by the Debtor.

## Provisions Governing Distributions

**Disbursements.** All distributions under the Plan shall be made by Bronson Law Offices, P.C., the Disbursing Agent, except that NYCTL shall be paid its Allowed Claim at Closing of the sale of the Property. The Disbursing Agent shall not be required to provide a bond or security for the performance of its duties unless otherwise ordered by the Bankruptcy Court.

**Rights and Powers of the Debtor.** The Debtor shall be empowered to (i) execute all agreements, instruments and other documents necessary to perform its duties under the Plan, and transfer the Property, (ii) direct that all distributions contemplated by the Plan be made, (iii) prosecute, settle and enforce any objections or other causes of action on behalf of the estate, and (iv) exercise such other powers as may be deemed necessary and proper to implement the Plan.

**Claim Objection Deadline.** Unless otherwise ordered by the Bankruptcy Court, only the Debtor shall have standing to file and prosecute an objection to claims. All objections shall be filed and served no later than the Effective Date of the Plan in accordance with the applicable provisions of the Bankruptcy Code and Rules.

**No Distribution Pending Allowance.** Notwithstanding any other provision of the Plan, no payment or distribution shall be made with respect to any portion of a claim under objections (i.e. a "Disputed Claim") until all objections to such Disputed Claim are resolved by stipulation or order of the Bankruptcy Court. Instead, any monies otherwise due on account of a Disputed Claim shall be retained by the Disbursing Agent until such time as the claim is finally allowed or disallowed.

**Undeliverable Distributions.** If a distribution to the holder of any allowed claim is returned by the recipient of the distribution, then no further distribution shall me made to such creditor. Any undeliverable distribution shall revert to the Debtor.

**Effective Date.** The Effective Date of the Plan is defined to mean the first Business Day after the final closing on the sale of the Property.

**Management of the Debtor.** After the closing on the sale contemplated under the Plan, the Debtor shall wind-up its affairs under the direction of its President, Anissa Matos.

## MODIFICAITON AND REVOCATION OF THE PLAN

The Plan may be altered, amended or modified by the Debtor at any time before the substantial consummation of the Plan, as provided in §§ 1101(a) and 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, which authorizes the proponent of a plan of reorganization to modify such plan at any time prior to confirmation of the plan so long as the plan, as modified, continues to meet certain technical requirements.

## TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**Executory Contracts and Unexpired Leases.** To the extent the Debtor is a party to an Executory Contract or Unexpired Lease which has not otherwise been assumed or rejected prior to the Effective Date, the Confirmation Order shall constitute an Order authorizing the assumption of such Executory Contract or unexpired lease pursuant to 11 USC §365, it being the

Debtor's specific intent to assume and assign to the purchaser of the Property all leases to which the Debtor is landlord, so that these leases pass through the bankruptcy unaltered.

## RETENTION OF JURISDICTION

The Plan contains provisions providing for the retention of jurisdiction by the Bankruptcy Court to primarily enforce the Plan and implementation thereof through the sale of the Property as well as to determine all other matters pending on the date of confirmation.

## REQUIREMENTS FOR CONFIRMATION

Confirmation of the Plan is important because it will provide tax exemptions upon the transfer of the Property. Therefore, the Debtor is committed to obtaining approval of the Plan.

### Acceptance by the Impaired Classes

Under bankruptcy law, the Plan may be confirmed if each impaired Class of Claims accepts the Plan. A Class is impaired if the legal, equitable or contractual rights attaching to the claim of that Class are modified other than by curing defaults and reinstating maturities or by payment in full in cash. No Holders of Claims in any class are impaired and accordingly are not entitled to file ballots accepting or rejecting the Plan.

The Bankruptcy Code defines acceptance of a plan by a Class of claims as acceptance by the holders of two-thirds in dollar amount and a majority in number of claims of that Class. Only those holders of claims who actually vote to accept or reject the Plan, will have their claims counted for the purpose of determining whether the requisite number and amount of acceptances have been received.

The Debtor expects there will be no Classes entitled to vote since none of the classes will be impaired.

### Other Plan Requirements for Confirmation

At the Confirmation Hearing in addition to reviewing the balloting (if any), the Bankruptcy Court will determine whether the requirements of § 1129 of the Bankruptcy Code have been satisfied, in which event the Bankruptcy Court will enter an order of confirmation of the Plan. These requirements include determinations by the Bankruptcy Court that: (i) the Plan has classified claims in a permissible manner, (ii) the contents of the Plan comply with various technical requirements of the Bankruptcy Code, (iii) the Debtor has proposed the Plan in good faith, (iv) the Debtor has made disclosures concerning the Plan that are adequate and include information concerning all payment made or promised in connection with the Plan, (v) the Plan is in the "best interest" of all Creditors, in that it provides a better recovery than a liquidation should a non-accepting class arise, (vi) the Plan is feasible, and (vii) the Plan has been accepted by the requisite number rand amount of creditors in each class entitled to vote on the Plan or that the Plan may be confirmed without such acceptances. The Debtor believes that all of these conditions have been or will be met prior to the confirmation Hearing.

**Best Interest Test**. The so-called "best interest" test requires that each impaired creditor either (a) accepts the Plan or (b) receives or retains under the Plan property of a value, as of the Effective Date of the Plan, that is not less than the value such entity would receive or if the Debtor were to be liquidated under Chapter 7 of the Bankruptcy Code.

Without confirmation, the Property would be sold at foreclosure sale most assuredly for a price less than what the Property will receive hereunder. If a Chapter 7 trustee were appointed and liquated the Properties, the trustee will lose the benefit of the Section 1146 tax waiver, and will incur Chapter 7 liquidation costs, including trustee commissions and legal and accounting fees.

Accordingly, the Debtor concludes that the Plan provides a recovery, with a present value in an amount substantially greater than if a Chapter 7 trustee liquidated the Property.

**Feasibility.** For the Plan to be confirmed, it must be demonstrated that consummation of

the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtor. Since the Debtor proposes to liquidate its assets through the Plan, it believes that the Plan is feasible and not reasonably likely to be followed by resort to further reorganization or liquidation proceedings.

Under the liquidation analysis annexed hereto as Exhibit "A" a liquidation analysis is set forth. The analysis shows that the creditors are receiving at least as much as they would have in a Chapter 7, since all claims are being paid in full.

Confirmation Without the Acceptance of Each Impaired Class. In the event that all impaired classes do not accept the Plan, the Bankruptcy Court may nevertheless confirm the Plan under Section 1129(b) at the Debtor's request if (i) all other requirements of section 1129(a) of the Bankruptcy Code are satisfied, (ii) at least one impaired Class of Claims votes to accept the Plan without regard to any vote cast on account of a Claim held by "insiders" (as defined in the Bankruptcy Code) and (iii) as to each impaired Class which has not accepted the Plan, the Bankruptcy Court determines that the Plan "does not discriminate unfairly" and is "fair and equitable" with respect to such non-accepting Class.

**As noted above, there will be no impaired classes and accordingly no voting will be required.**

A plan "does not discriminate unfairly" if the legal rights of a non-accepting class are treated in a manner that is consistent with the treatment of other classes whose legal rights are intertwined with those of the non-accepting class, and no class receives payments in excess of that which it is legally entitled to receive for its claims or Interests. The Debtor believes that the Plan meets these tests, especially since there are no impaired claims and all creditors will be paid in full.

## FEDERAL INCOME TAX CONSEQUENCES OF THE PLAN

Each holder of a claim or interest is strongly urged to consult with its own tax advisor regarding the federal, state, local and foreign tax consequences of the Plan. The Debtor is not providing any tax advice to creditors and equity holders.

## **ADDITIONAL INFORMATION**

Requests for information and additional copies of this Disclosure Statement, the Ballots and the other materials delivered together herewith and all deliveries, correspondence and questions, as the case may be, relating to the Plan should be directed to the Debtor's counsel, Bronson Law Offices, P.C., 480 Mamaroneck Ave., Harrison, NY 10528, attn.: H. Bruce Bronson, Esq. at 914-269-2530.

**DATED:**    Bronx, New York
February 22, 2016

**MAN-MATOS REALTY CORP.**

By:    /s/ Anissa Matos
Name: Anissa Matos
Title: President

Bronson Law Offices, P.C.

By:    /s/ H. Bruce Bronson
H. Bruce Bronson
General Bankruptcy Counsel
*Man-Matos Realty Corp.*
Debtor and Debtor-in-Possession

**BALANCE SHEET AND LIQUIDATION ANALYSIS[1]**

| ASSETS | CHAPTER 11 | CHAPTER 7 |
|---|---|---|
| PROPERTY: | $671,000 | $671,000 |
| | | |
| **LIABILITIES** | | |
| Broker Commissions on sales | $ 26,840 | $ 26,840 |
| NYC Waterboard | $  9,526.34 | $  9,526.34 |
| NYCTL | $273,130.19 | $273,130.19 |
| New York City Dept. Of Finance | $  4,829.78 | $  4,829.78 |
| NYS Dept. of Tax & Finance | $  1,000 | $  1,000 |
| CH 11 Administrative expenses (UST fees, Professional) | $  30,000 | $  30,000 |
| Chapter 7 Trustee Fees | $0 | $  20,130 |
| Chapter 7 Professional Fees | $0 | $  15,000 |
| Real Property Transfer Tax (City and State) | $0 | $  20,801 |
| **Balance:** | **$325,673.69** | **$269,742.69** |

---

[1] Interest has not been calculated for the purpose of this chart and Administrative Fees are an estimate only.

-16-